UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MEDINA, | Case No. 2:22-cv-02136-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| AMADOR JAIL, *et al.*, | ECF No. 6 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff Antonio Medina is a pretrial detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his complaint, he alleges that Amador Jail is overcrowded, requiring inmates to sleep on the floor. These allegations are not sufficient to state a claim. I will give plaintiff an opportunity to file an amended complaint, and I will grant his application to proceed *in forma pauperis*, ECF No. 6.[1]

---

[1] Plaintiff initially filed an application to proceed *in forma* pauperis, which did not include the trust account statement from the jail. ECF No. 2. He subsequently filed a new application

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that Amador Jail is overcrowded, causing inmates to sleep on the floor. ECF No. 1 at 3. Since plaintiff is a pretrial detainee, his constitutional claim is addressed under

---

that includes his trust account statement. ECF No. 6. Since I am granting plaintiff's completed application, ECF No. 6, I will deny the initial application, ECF No. 2, as unnecessary.

the Fourteenth Amendment's objective deliberate indifference standard. *See Or. Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). A pretrial detainee must show that a defendant's acts or omissions were objectively unreasonable and identify objective facts indicating either that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that objective. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015).

Plaintiff's allegation is too vague to state a claim. Although forcing inmates to sleep on the floor can constitute a constitutional violation, *see Thomas v. Baca*, 514 F. Supp. 2d 1201, 1215 (C.D. Cal. 2007) (holding that the defendant sheriff's custom of floor-sleeping was objectively a serious deprivation of the minimal civilized measure of life's necessities to warrant protection by the Eighth and Fourteenth Amendments), plaintiff does not allege that *he* was required to sleep on the floor.[2] Moreover, plaintiff makes no specific factual allegations against defendant Martin. Indeed, plaintiff does not allege that Martin was responsible for, or even had knowledge of, inmates sleeping on the floor.

Similarly, plaintiff does not state a claim against Amador Jail. As a threshold matter, a jail is not a proper defendant under § 1983. *Harvey v. San Diego City Jail*, No. 13-cv-0287-LAB (RBB), 2014 WL 173517, *3 (S.D. Cal. Jan. 10, 2014) ("Neither a local law enforcement department (like the San Diego County Sheriff's Department or its Medical Department), or a jail itself (like the San Diego County Jail), are proper defendants under § 1983."). More fundamentally, plaintiff does not allege that his civil rights were violated pursuant to a policy or custom, which is required to state a § 1983 claim against a municipal defendant. *See Villegas v. Golroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the 'moving force' behind the constitutional violation."); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("A municipality may not be sued under § 1983 solely because an injury was inflicted by its

---

[2] If plaintiff is attempting to allege claims on behalf of other inmates, he is prohibited from doing such. *See Sanchez v. Lerdo Kern Cnty. Det. Facility*, No. 1:14-CV-01424-MJS, 2015 WL 1345808, at *3 (E.D. Cal. Mar. 23, 2015) ("Because a pro se litigant may not represent other individuals, Plaintiff's claims are barred as to the other inmates.").

1  employees or agents . . . .").

2      I will grant him a chance to amend his complaint before recommending that this action be
3  dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will
4  supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.
5  2012) (en banc).  This means that the amended complaint will need to be complete on its face
6  without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended
7  complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended
8  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
9  defendant's involvement in sufficient detail.  The amended complaint should be titled "First
10 Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an
11 amended complaint, I will recommend that this action be dismissed.

12     Accordingly, it is ORDERED that:

13     1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is granted.

14     2.  Within thirty days from the service of this order, plaintiff must either file an amended
15 complaint or advise the court he wishes stand by his current complaint.  If he selects the latter
16 option, I will recommend that this action be dismissed.

17     3.  Failure to comply with this order may result in the dismissal of this action.

18     4.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  January 4, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4