# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MEDINA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMADOR JAIL, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-02136-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 8<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff Antonio Medina is a pretrial detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his complaint, he alleges that Amador Jail is overcrowd and not ADA compliant, and that defendant Dr. Son has denied him adequate medical treatment. The claims are not sufficiently related to proceed in a single action. I will give plaintiff an opportunity to file an amended complaint.

### Screening and Pleading Requirements

　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

1  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

2  A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges two discrete sets of facts. First, he alleges that Amador Jail is overcrowded, violates fire safety codes, and is not ADA compliant. ECF No. 8 at 3-4. He states that inmates are sleeping on the floor, that the cells do not have emergency buttons, and some cells do not have operating toilets. *Id.* at 4. Second, he alleges that defendant Dr. Monivirin Son, the physician at the Jail, failed to adequately treat his hernia.

Multiple, unrelated claims against more than one defendant belong in separate lawsuits. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). Since plaintiff's unrelated claims cannot proceed

jointly, he is instructed to file an amended complaint that contains only related claims. If he wishes to pursue unrelated claims, he will need to file a separate action for each set of claims. Furthermore, if he decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 7, 2023                                  _____
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE

3